Robert A. Bailey (# 214688)
 rbailey@afrct.com
Daniel A. Armstrong (# 270175)
 darmstrong@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor
by merger with Wells Fargo Bank
Southwest, N.A., f/k/a Wachovia Mortgage,
FSB, f/k/a World Savings Bank, FSB
("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE COURTHOUSE

| | |
|---|---|
| ANTHONY ALABASTRO, <br><br>  Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., CAL-WESTERN RECONVEYANCE CORPORATION; THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for the WORLD SAVINGS REMIC 30, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 30 TRUST and DOES 1-100 inclusive, <br><br>  Defendants. | CASE NO.: 5:14-CV-03469-HRL <br><br> [The Honorable Howard R. Lloyd] <br><br> **DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:  September 16, 2014 <br> Time:  10:00 a.m. <br> Ctrm:  2 |

**TO PLAINTIFF, HIS ATTORNEY OF RECORD AND THE HONORABLE COURT:**

**PLEASE TAKE NOTICE** that on September 16, 2014, at 10:00 a.m., in Courtroom 2 of the above-entitled court, located at 280 South 1st Street, San Jose, California, defendant Wells Fargo Bank N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") will move pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for an order dismissing the first

through fifth causes of action in the Complaint.

Grounds for the motion to dismiss, brought pursuant to F.R.C.P. 12(b)(6), are:

**1.    First Claim for Relief: Wrongful Foreclosure**

Plaintiff fails to state a claim for wrongful foreclosure because: (i) Wells Fargo is the owner and holder of the note and is the beneficiary under the deed of trust; (ii) California nonjudicial foreclosure statutes do not recognize a right to bring a court action to determine whether the owner of the note has authorized its nominee to initiate the foreclosure process; and (iii) Plaintiff's state law claims are preempted by the Home Owners Loan Act.

**2.    Second Claim for Relief: Quiet Title**

Plaintiff fails to state a claim for quiet title because: (i) Wells Fargo is the owner and holder of the note and is the beneficiary under the deed of trust; (ii) California nonjudicial foreclosure statutes do not recognize a right to bring a court action to determine whether the owner of the note has authorized its nominee to initiate the foreclosure process; (iii) Plaintiff's state law claims are preempted by the Home Owners Loan Act; and (iv) Plaintiff has not tendered the indebtedness owed.

**3.    Third Claim for Relief: Violation of Bus. & Prof. Code Section 17200**

Plaintiff fails to state a claim for Violation of Bus. & Prof. Code Section 17200 because: (i) Wells Fargo is the owner and holder of the note and is the beneficiary under the deed of trust; (ii) California nonjudicial foreclosure statutes do not recognize a right to bring a court action to determine whether the owner of the note has authorized its nominee to initiate the foreclosure process; (iii) Plaintiff's state law claims are preempted by the Home Owners Loan Act; and (iv) Plaintiff has not tendered the indebtedness owed.

**4.    Fourth Claim for Relief: Unjust Enrichment**

Plaintiff fails to state a claim for unjust enrichment because: (i) Wells Fargo is the owner and holder of the note and is the beneficiary under the deed of trust; (ii) California nonjudicial foreclosure statutes do not recognize a right to bring a court action to determine whether the owner of the note has authorized its nominee to initiate the foreclosure process; (iii) Plaintiff's state law claims are preempted by the Home Owners Loan Act; and (iv) Plaintiff has not

1  tendered the indebtedness owed.

2      **5.    Fifth Claim for Relief: Accounting**

3      Plaintiff fails to state a claim for accounting because: (i) Wells Fargo is the owner and

4  holder of the note and is the beneficiary under the deed of trust; (ii) California nonjudicial

5  foreclosure statutes do not recognize a right to bring a court action to determine whether the

6  owner of the note has authorized its nominee to initiate the foreclosure process; (iii) Plaintiff's

7  state law claims are preempted by the Home Owners Loan Act.

8      The motion is based on this notice, the accompanying memorandum of points and

9  authorities, the argument of counsel at the hearing on this motion, and on such other information

10 as the Court may deem appropriate.

11     PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-3(a) and 7-3(c), the

12 opposition to this motion must be filed and served within 14 days after this motion is filed and

13 served. The reply must be filed and served within 7 days after the opposition is filed and served.

14

15                                     Respectfully submitted,

16 Dated: August 7, 2014                  ANGLIN, FLEWELLING, RASMUSSEN,
                                                  CAMPBELL & TRYTTEN LLP

17

18                                   By:   /s/ Daniel A. Armstrong
                                          Daniel A. Armstrong

19                                           darmstrong@afrct.com
                                  Attorneys for Defendant

20                                   WELLS FARGO BANK, N.A., successor by
                                  merger with Wells Fargo Bank Southwest, N.A.,

21                                   f/k/a Wachovia Mortgage, FSB, f/k/a World
                                  Savings Bank, FSB ("Wells Fargo")

22

23

24

25

26

27

28

(Left margin: ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP)

# TABLE OF CONTENTS

Page

1. INTRODUCTION ................................................................................................................1
2. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS ......................................................................................................................1
   A. Plaintiff Borrowed $364,000.00 From World Savings Bank, Which Later Merged Into Wells Fargo. ........................................................................................1
   B. Summary Of The Complaint. ...................................................................................2
3. THE CALIFORNIA NONJUDICIAL FORECLOSURE STATUTES DO NOT RECOGNIZE A RIGHT TO PURSUE PREEMPTIVE JUDICIAL ACTIONS TO CHALLENGE THE RIGHT, POWER AND AUTHORITY OF A FORECLOSING BENEFICIARY ...........................................................................................2
4. WELLS FARGO IS THE OWNER AND HOLDER OF THE NOTE AND IS THE BENEFICIARY UNDER THE DEED OF TRUST ......................................................4
5. PLAINTIFF CANNOT OBTAIN QUIET TITLE ABSENT A TENDER OF THE INDEBTEDNESS ................................................................................................................6
6. ANY ALLEGATIONS REGARDING THE PURCHASE AND SALE OF THE PROMISSORY NOTE OR DEED OF TRUST ARE PREEMPTED BY THE HOMEOWNERS' LOAN ACT .........................................................................................6
   A. World Savings Was A Federally Chartered Federal Savings Bank, Operating Under HOLA At The Time Of Loan Origination. .................................7
   B. OTS Regulations Promulgated Under HOLA Preempt Any State Laws That Affect Lending. ................................................................................................7
   C. State Laws Preempted By HOLA. ...........................................................................8
   D. The Application Of HOLA Preempts Plaintiff's State Law Causes Of Action. ......................................................................................................................8
7. CONCLUSION ..................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Becker v. Wells Fargo Bank, N.A.*,
   2012 U.S. Dist. LEXIS 44264 (E.D. Cal. March 29, 2012) ......................................................8

*Camacho v. Wachovia Mortgage*, FSB
   2009 U.S. Dist. LEXIS 102243 (S.D. Cal. Nov. 3, 2009) ........................................................9

*DeLeon v. Wells Fargo Bank, N.A.*,
   729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) .........................................................................7

*Garcia v. Wachovia Mortg. Corp.*,
   676 F. Supp. 2d 895 (C.D. Cal. 2009) .....................................................................................9

*Guerrero v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) .......................................................7

*Hague v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 84695, at *8 (N.D. Cal. Aug. 2, 2011) ................................................4

*Khan v. World Sav. Bank, FSB*,
   2011 U.S. Dist. LEXIS 4917 (N.D. Cal., Jan. 14, 2011, Koh, J.) ............................................9

*Krug v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 143218 (N.D. Cal. Dec. 13, 2011) ......................................................4

*Loder v. World Savings Bank*,
   2011 U.S. Dist. LEXIS 53166 (N.D. Cal., May 18, 2011) .......................................................9

*Logvinov v. Wells Fargo Bank*,
   2011 U.S. Dist. LEXIS 141988 (N.D. Cal. Dec. 9, 2011) ........................................................4

*Morrison v. Wachovia Mortg. Corp.*,
   2012 U.S. Dist. LEXIS 38847 (C.D. Cal., Jan. 9, 2012) .........................................................9

*Mulato v. WMC Mortgage Corp.*,
   2010 U.S. Dist. LEXIS 47100 (N.D. Cal. April 16, 2010) ......................................................3

*Naulty v. GreenPoint Mortg. Funding, Inc.*,
   2009 U.S. Dist. LEXIS 79250 (N.D. Cal. Sept. 2, 2009) .........................................................9

*Nguyen v. Wells Fargo Bank, N.A.*,
   749 F. Supp. 2d 1022 (N.D. Cal. 2010) ...................................................................................5

*Serrano v. World Savings Bank, FSB Wachovia*,
   2011 U.S. Dist. LEXIS 47766 (N.D. Cal. May 3, 2011) .........................................................5


*Silvas v. E\*Trade Mortg. Corp.*,
 514 F.3d 1001 (9th Cir. 2008) .................................................................................... 7, 8

*Taguinod v. World Sav. Bank, FSB*,
 755 F. Supp. 2d 1064 (C.D. Cal. 2010) ............................................................................ 5

*Thomas v. Wells Fargo Bank, N.A.*,
 2012 U.S. Dist. LEXIS 43128 (N.D. Cal. March 28, 2012) ............................................ 8

*Winding v. Cal-Western Reconveyance Corp.*,
 2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 21, 2011) ................................................... 9

**STATE CASES**

*Gomes v. Countrywide Home Loans, Inc.*,
 192 Cal. App. 4th 1149 (2011) .................................................................................... 2, 3

*Jenkins v. JPMorgan Chase Bank, N.A.*,
 216 Cal. App. 4th 497 (Cal. App. 4th Dist. 2013) ........................................................ 3, 4

*Keshtgar v. U.S. Bank, N.A.*,
 226 Cal. App. 4th 1201 (Cal. App. 2d Dist. 2014) ........................................................... 4

*Lopez v. World Savs. & Loan Ass'n*,
 105 Cal. App. 4th 729 (2003) ........................................................................................... 7

*Meetz v. Mohr*,
 141 Cal. 667 (1904) .......................................................................................................... 6

*Nguyen v. Calhoun*,
 105 Cal. App. 4th 428 (2003) ........................................................................................... 6

*Sipe v. McKenna*,
 88 Cal. App. 2d 1001 (1948) ............................................................................................ 6

*Yvanova v. New Century Mortgage Corp.*,
 226 Cal. App. 4th 495 (Cal. App. 2d Dist. 2014) ......................................................... 4, 6

**STATE STATUTES**

Cal. Civ. Code § 2924(a) ....................................................................................................... 3

Cal. Civ. Code § 2924 et seq. ................................................................................................ 3

Cal. Civ. Code §§ 2924 - 2924k ............................................................................................ 2

**REGULATIONS**

12 C.F.R. § 560.2(b)(10) ....................................................................................................... 9

1  12 C.F.R. § 541.11 .................................................................................................................7

2  12 C.F.R. § 545.2 ...................................................................................................................7

3  12 C.F.R. § 560.2 .............................................................................................................6, 7, 9

4  12 C.F.R. § 560.2(b) ...............................................................................................................7

5  12 C.F.R. § 560.2(b)(10) ......................................................................................................8, 9

6  12 C.F.R. § 560.2(b)(10) ..........................................................................................................8

7  61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) .....................................................................7

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

iv   CASE NO.: 5:14-CV-03469-HRL
TABLE OF AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This action arises from a secured home loan that World Savings Bank, FSB, made to Plaintiff in 2007. The loan fell into default, prompting non-judicial foreclosure and efforts to sell the real property pledged to secure the loan. This action followed.

## 2. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

**A. Plaintiff Borrowed $364,000.00 From World Savings Bank, Which Later Merged Into Wells Fargo.**

On July 20, 2007, Plaintiff borrowed $364,000.00 from Wells Fargo's predecessor, World Savings Bank, FSB. The loan was memorialized by a promissory note and secured by a deed of trust recorded against 101 Sunnyhills Ct., Milpitas, California ("Property"). (A true and correct copy of the deed of trust is attached to the Request for Judicial Notice ("RJN") as Exhibit A). (A true and correct copy of the Adjustable Rate Mortgage Note is attached the RJN as Exhibit B).

In January 2008, World Savings Bank, FSB changed its name to "Wachovia Mortgage, FSB." It later changed its name to Wells Fargo Bank Southwest, N.A., before merging into Wells Fargo Bank, N.A. in November 2009. (RJN Exs. C, D, E & F are copies of certificates and letters issued or signed by the Treasury Department's Offices of Thrift Supervision or Comptroller of the Currency acknowledging the original federal savings bank charter, approving the name changes, and authorizing the merger. Ex. G is a copy of an FDIC printout from its website showing the history of World Savings).

Plaintiff defaulted on the loan and on September 23, 2010, Wells Fargo caused to be recorded a notice of default showing an outstanding balance of $33,283.56 as of that date. (A true and correct copy of the notice of default is attached to the RJN as Exhibit H). On September 10, 2013 Wells Fargo caused to be recorded a notice of trustee's sale, scheduling a foreclosure sale for October 3, 2013. (A true and correct copy of the notice of trustee's sale is attached to the RJN as Exhibit I).

B.   **Summary Of The Complaint.**

Grasping for an issue to exploit, Plaintiff challenges foreclosure on the allegation that Wells Fargo does not own his loan. According to the complaint, "Plaintiff's loan was not among the assets acquired by Wells Fargo in 2008 when acquisition of Wachovia was completed." (Comp. ¶13). Plaintiff reasons that this must be so, because his loan "was sold to the WSR 30 Trust on or before the Trust's Closing Date of August 28, 2006." (Comp. ¶ 11).

Plaintiff also argues that "a review of the Santa Clara County Recorder's Office reveals that Plaintiff's Deed of Trust has never been assigned from original lender Worlds Savings to any entity, including BNYM…. Therefore the required chain of title protocol required by the governing trust documents was not followed and the securitization of Plaintiff's mortgage failed." (Comp. ¶ 18).

Under Plaintiff's reasoning, none of the defendants is "a valid beneficiary" and Plaintiff is deserving of quiet title, "free and clear of encumbrances", despite not having paid for the Property. (Comp. ¶ 52 & 55).

For good measure, Plaintiff also argues that the loans in the "WSR 30 Trust have been paid off by a pool insurance company," (Comp. ¶ 19), and that "the deed of trust and note have become split rendering the deed of trust unenforceable." (Comp. ¶ 20).

As indicated below, these allegations are insufficient to support a claim for relief and the complaint should be dismissed.

3.   **THE CALIFORNIA NONJUDICIAL FORECLOSURE STATUTES DO NOT RECOGNIZE A RIGHT TO PURSUE PREEMPTIVE JUDICIAL ACTIONS TO CHALLENGE THE RIGHT, POWER AND AUTHORITY OF A FORECLOSING BENEFICIARY**

"California's nonjudicial foreclosure scheme is set forth in Civil Code sections 2924 through 2924k, which 'provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust.'" *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011) (quoting *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994)). "'These provisions cover every aspect of exercise of the power of

sale contained in a deed of trust.'" *Id.* (quoting *I. E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285 (1985)). "'Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute.'" *Id.* (quoting *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1098 (E.D.Cal. 2010)). As further stated in *Gomes*:

> By asserting a right to bring a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process, [plaintiff] is attempting to interject the courts into [Civil Code § 2924 et seq.'s] comprehensive nonjudicial scheme. As Defendants correctly point out, [plaintiff] has identified no legal authority for such a lawsuit. Nothing in the statutory provisions establishing the nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated. … Because California's nonjudicial foreclosure statute is unambiguously silent on any right to bring the type of action identified by [plaintiff], there is no basis for the courts to create such a right.

More recently, in *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (Cal. App. 4th Dist. 2013), the plaintiff asserted a right to bring a preemptive judicial action to determine whether the lender had the authority to initiate nonjudicial foreclosure on her home. The Court of Appeal explained that "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure." *Id.* at 20.

*Jenkins* and the cases cited therein, along with a series of federal court decisions, make clear that alleged securitization of the promissory note does not provide an adequate basis for challenging a nonjudicial foreclosure. *See* `("The Court finds that all claims challenging defendants' authority to foreclose fail as a matter of law…. [T]he California Court of Appeal recently clarified that a plaintiff cannot challenge a named beneficiary's authority to initiate a non-judicial foreclosure under Cal. Civ. Code § 2924(a)"); *Mulato v. WMC Mortgage Corp.*,

2010 U.S. Dist. LEXIS 47100 (N.D. Cal. April 16, 2010)("Plaintiff maintains that they lacked standing to foreclose because of the alleged securitization of her mortgage note. However, Chase and MERS provide documents to show that the non-judicial foreclosure proceeded in accordance with state law."); *Logvinov v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 141988, *9 (N.D. Cal. Dec. 9, 2011) ("The argument that parties lose their interest in a loan when it is assigned to a trust pool or REMIC has been rejected by numerous courts"); *Hague v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 84695, at *8 (N.D. Cal. Aug. 2, 2011) (Wells Fargo need not demonstrate title in order to foreclose; rather, "[i]t need only comply with California's nonjudicial foreclosure statutes"); *Krug v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 143218 (N.D. Cal. Dec. 13, 2011) (dismissing with prejudice claims based on allegation that, "as a result of his loan having been 'securitized' … the entities now seeking to foreclose lack standing to do so").

The issue was also very recently addressed in two opinions by the California Courts of Appeal: *Keshtgar v. U.S. Bank, N.A.*, 226 Cal. App. 4th 1201 (Cal. App. 2d Dist. 2014) and *Yvanova v. New Century Mortgage Corp.*, 226 Cal. App. 4th 495 (Cal. App. 2d Dist. 2014). Both cases reiterated the point made in *Jenkins* that an assignment of the promissory note merely substitutes one creditor for another without changing the borrower's obligations under the note. Therefore any improprieties in the transfer of the promissory note would affect only the parties to the transaction, not the borrower. The borrower thus lacks standing to enforce any agreements relating to such transactions. *Yvanova,* 226 Cal. App. 4th at 501; *Keshtgar,* 226 Cal. App. 4th at 1207.

Based on this overwhelming authority, Plaintiff has no standing to assert a claim that the foreclosure was wrongfully initiated based on his suspicions regarding ownership or securitization of the promissory note. As each of his claims is based on this theory (Comp. ¶¶ 42, 52, 59, 60, 68, 72), his entire complaint fails to state a claim for relief.

### 4. <u>WELLS FARGO IS THE OWNER AND HOLDER OF THE NOTE AND IS THE BENEFICIARY UNDER THE DEED OF TRUST</u>

The beneficial interests in the promissory note and deed of trust are apparent from the

face of the document itself and those interests can be followed through the name change and merger of World Savings Bank into Wells Fargo. Section 1(H) of the Deed of Trust states that the "Lender is the 'Beneficiary' . . . ." (RJN, Ex. A). The "Lender" is defined in Section 1(C) to be "WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES . . . ." Id. Likewise, Section 1 of the Note states: "The Lender is WORLD SAVINGS BANK, FSB, a FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES . . . ." (RJN, Ex. B, p.1). Thus, the parties agreed that these instruments would be enforceable by "successors" of World Savings Bank, FSB.

World Savings Bank, FSB, was renamed Wachovia Mortgage, FSB on December 31, 2007. (RJN, Exs. C-F). Effective November 1, 2009, it was converted to a national bank with the name Wells Fargo Bank Southwest, N.A. and merged with and into Wells Fargo Bank, N.A. (Id., p.2). Wells Fargo thus succeeded to World Savings Bank, FSB's interests in the Note and Deed of Trust. This fact has been the repeated subject of judicial notice. *See Serrano v. World Savings Bank, FSB Wachovia*, 2011 U.S. Dist. LEXIS 47766, *1-2 (N.D. Cal. May 3, 2011) (finding that as a result of the above-described name change and merger, Wachovia Mortgage, a Division of Wells Fargo Bank, N.A. was the successor in interest to the original lender and beneficiary, World Savings Bank, FSB, and as such, "was entitled to enforce the Deeds of Trust"); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010) ("judicially noticeable documents reveal that the original lender, World Savings Bank, FSB, simply changed its name to Wachovia Mortgage, FSB, and is now a division of Wells Fargo Bank, N.A."); *see also Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1067 (C.D. Cal. 2010).

As Wells Fargo is the successor to World Savings and the current beneficiary under the promissory note and deed of trust, it is entitled to enforce the deed of trust by initiating a foreclosure sale of the Property.

///

///

///

## 5. PLAINTIFF CANNOT OBTAIN QUIET TITLE ABSENT A TENDER OF THE INDEBTEDNESS

The Court of Appeal in *Yvanova* also noted: "plaintiff is not entitled to quiet title because she failed to allege she tendered an issue that defeats Plaintiff's claim for quiet title." *Yvanova* 226 Cal. App. 4th at 501. The basis for this rule is long-standing: "[o]ne who seeks equity must do equity . . . ." *Meetz v. Mohr*, 141 Cal. 667, 673 (1904). Thus, a plaintiff is not entitled to enjoin a foreclosure sale where he or she has not tendered the amount claimed to be due. *Id.* (affirming dissolution of temporary injunction enjoining lender from foreclosing); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) ("[a] party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust . . . ."). "The rules which govern tenders are strict and are strictly applied . . . ." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003).

As noted in paragraph 53 of the complaint, "Plaintiff seeks to quiet title against the claims of Defendants…. and said Defendants have not legal or equitable right, claim or interest in the property." This demand is based on alleged defects in the sale or transfer of the loan that, even if they had occurred, have no tangible effect on the Plaintiff. Plaintiff does not even allege that another party is attempting to collect on the money he borrowed to obtain title to the property. Instead, Plaintiff essentially demands that his debt be totally forgiven despite the fact that he has suffered no harm. Equity allows no such relief without tender of the indebtedness owed. And Plaintiff has plead no ability, or willingness, to tender the debt. His causes of action must therefore fail.

## 6. ANY ALLEGATIONS REGARDING THE PURCHASE AND SALE OF THE PROMISSORY NOTE OR DEED OF TRUST ARE PREEMPTED BY THE HOMEOWNERS' LOAN ACT

Each of Plaintiff's state law claims is premised on the allegations that "none of the named defendants to this action is 'a person entitled to enforce the note'…." (Comp. ¶¶ 42, 52, 59, 60, 68, 72). State law claims that "impose requirements" on Wells Fargo regarding the categories of lending activity enumerated in 12 C.F.R. §560.2 are preempted by the Home Owners Loan Act.

A.  **World Savings Was A Federally Chartered Federal Savings Bank, Operating Under HOLA At The Time Of Loan Origination.**

World Savings was a federal savings bank regulated by the OTS when the loan was originated in 2007. (RJN Exs. C-F include copies of documents issued or signed by the Office of Thrift Supervision declaring that World Savings, subsequently known as Wachovia Mortgage, FSB, was a federal savings bank.) HOLA governs the operations of a "federal savings association," which by definition includes federally-chartered savings banks. 12 C.F.R. § 541.11. World Savings' lending operations were therefore governed by HOLA.[1]

B.  **OTS Regulations Promulgated Under HOLA Preempt Any State Laws That Affect Lending.**

Through its regulatory authority, the OTS "occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2. OTS regulations issued pursuant to HOLA are "intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered savings association, whether or not the OTS has adopted a regulation governing the precise subject of the state provision." *Lopez v. World Savs. & Loan Ass'n*, 105 Cal. App. 4th 729, 738 (2003); *See* 12 C.F.R. § 545.2.

The preemption analysis under HOLA is simple under the OTS Final Rule at 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996). Step one determines whether the type of state law at issue appears on the list set forth in 12 C.F.R. § 560.2(b). If the type of state law in question appears on the list, the analysis ends there and the law is preempted. There is no step two.

As the Ninth Circuit observed in *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-

---

[1] HOLA still applies even though Wachovia Mortgage, which is now a division of Wells Fargo Bank, N.A. is no longer chartered as a federal savings bank. *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) ("Wells Fargo notes that at the time the loan was made to the DeLeons [plaintiffs], 'World Savings Bank, FSB was a federally chartered savings bank organized and operating under HOLA and observes correctly that the same preemption analysis would apply to any alleged misconduct after November 1, 2009, when the lender merged into a national savings banking association.); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261, at *3 (C.D. Cal. Sept. 14, 2010) ("Where a national association, such as [Wells Fargo Bank, N.A.], acquires the loan of a federal savings bank, it is proper to apply preemption under HOLA.").

05 (9th Cir. 2008), the OTS's construction of its own regulation 560.2 "must be given controlling weight." The Court went on to declare that any presumption against preemption of state law does not apply to HOLA, and that any doubt should be resolved in favor of preemption. *Id.*

**C.     State Laws Preempted By HOLA.**

The *Silvas* Court also described the HOLA regulations as "so pervasive as to leave no room for state regulatory control." *Id.* Among those "pervasive" regulations is OTS regulations 560.2(b)(10), which preempt state laws that "would impose requirements on federal savings banks regarding":

> The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan… 12 C.F.R. § 560.2(b)(4).
>
> Loan-related fees, including without limitations, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees; 12 C.F.R. § 560.2(b)(5) . . .
>
> Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts… 12 C.F.R. § 560.2(b)(9).
>
> Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages; . . . 12 C.F.R. § 560.2(b)(10) (emphasis added).

**D.     The Application Of HOLA Preempts Plaintiff's State Law Causes Of Action.**

Plaintiff's five state law causes of action each challenge the alleged sale or assignment of the note and deed of trust. Nearly every paragraph in the complaint is devoted to this issue. These allegations attempt to use state law causes of action to "impose requirements" on Wells Fargo regarding "sale or purchase of, or investment or participation in, mortgages" and are therefore preempted by 12 C.F.R. §560.2(b)(10). *Becker v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 44264, at **1-2 (E.D. Cal. March 29, 2012) ("Section 560.2(b)(10) expressly preempts claims that are based upon the "sale or purchase of ... mortgages"); *Thomas v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 43128, at **1-2 (N.D. Cal. March 28, 2012) ("Plaintiff's claims were all premised on his contention that Wells Fargo was not the lender or beneficiary of the loan because its predecessor, Wachovia, sold the note into a mortgage backed

securities pool. Such claims are preempted by HOLA"); *Morrison v. Wachovia Mortg. Corp.*, 2012 U.S. Dist. LEXIS 38847, at *19 (C.D. Cal., Jan. 9, 2012); *Winding v. Cal-Western Reconveyance Corp.*, 2011 U.S. Dist. LEXIS 8962, *33-34 (E.D. Cal. Jan. 21, 2011) ("Wells Fargo characterizes the 'heart' of the complaint's claims as 'negotiable instrument' transfer and ownership and that allegations to such effect fall within section 560.2(b)(10) as challenge to a 'sale or purchase of' a 'mortgage' originated by a savings bank. Wells Fargo is correct that section 560.2 preempts the complaint's allegations as to misconduct surrounding foreclosure originating from negotiable instrument issues.")

These allegations are patently preempted by 12 C.F.R. 560.2(b)(10) ["Processing, origination [and] sale…of… mortgages]. *Camacho v. Wachovia Mortgage*, FSB, 2009 U.S. Dist. LEXIS 102243, 12-13 (S.D. Cal. Nov. 3, 2009)("[S]ection (b)(10)… speaks to the preemption of this claim as to whether Plaintiff qualified for the loan and whether any verification of Plaintiff's income was necessary. There is no question that these allegations would constitute state regulation of a federal savings association's lending activities...."); *Loder v. World Savings Bank*, 2011 U.S. Dist. LEXIS 53166,*14-15 (N.D. Cal., May 18, 2011, Henderson, J.) (Allegations that Wachovia "knowingly accepted a loan application with overstated income," "failed to supervise the broker of the loan," "failed to consider the usual underwriting factors," are preempted by 560.2(b)(10) because they "attack the process by which Wachovia lent money to Plaintiffs."); *Naulty v. GreenPoint Mortg. Funding, Inc.*, 2009 U.S. Dist. LEXIS 79250 *14 (N.D. Cal. Sept. 2, 2009, Patel, J.) (Plaintiff's allegations regarding improper underwriting standards are preempted because "these activities are matters committed by Congress to regulation by a federal agency."); *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 913 (C.D. Cal. 2009) ("To the extent Plaintiff makes claims relating to inability to qualify for the loan she was given, these are preempted by 12 C.F.R. §560.2(b)(10)"); and *Khan v. World Sav. Bank, FSB*, 2011 U.S. Dist. LEXIS 4917 *18-19 (N.D. Cal., Jan. 14, 2011, Koh, J.) (alleged "change of underwriting standards" and actions "artificially inflating the value of the home" were preempted by 12 C.F.R. § 560.2(b)(10)).

Here, as in the above decisions, all of Plaintiff's claims fit squarely within §560.2(b)(10).

1  If not preempted, these types of state law claims would unquestionably impinge upon the lending
2  policies of federal loan associations and their successors. This is something Congress sought to
3  avoid through the passage of HOLA. Accordingly, all of Plaintiff's state law claims against
4  Wells Fargo should be preempted.

### 7.  CONCLUSION

6  For the foregoing reasons, defendant Wells Fargo requests an order granting its motion to
7  dismiss the complaint.

Respectfully submitted,

Dated:  August 7, 2014

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By:   /s/ Daniel A. Armstrong
   Daniel A. Armstrong
   darmstrong@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest, N.A.,
f/k/a Wachovia Mortgage, FSB, f/k/a World
Savings Bank, FSB ("Wells Fargo")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

*Served By Means Other than Electronically Via the Court's CM/ECF System:*

*Counsel for Plaintiff:*

Charles T. Marshall
Law Offices of Charles T. Marshall
415 Laurel Street, #405
San Diego, California 92101
Tel: (619) 807-2628
Fax: (866) 575-7413
Email:  cmarshall@marshallestatelaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **August 7, 2014.**

| Lina Velasquez | */s/ Lina Velasquez* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |