UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ANTHONY ALABASTRO,

           Plaintiff,

    v.

WELLS FARGO BANK, N.A., et al.,

           Defendants.

Case No. 5:14-cv-03469 EJD

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. Nos. 7, 14

## I.    INTRODUCTION

On or about July 20, 2007, Plaintiff Anthony Alabastro ("Plaintiff") executed a Deed of Trust secured by a an adjustable rate Note for $360,000.00 in favor of World Savings Bank, FSB[1] in order to purchase certain real property located in Milpitas, California.  See Compl., Docket Item No. 1, at ¶¶ 7, 12, Ex. A.  On August 6, 2010, an agent for Cal-Western Reconveyance Corporation ("Cal-Western") recorded a Notice of Default against the Milpitas property on behalf of Wells Fargo, noting that Plaintiff owed $29,932.40 as of that date.  Id. at ¶ 21, Ex. D.  A series of additional documents were then recorded against the Milpitas property until, on September 10, 2013, a trustee's sale was scheduled for October 3, 2013.  Id. at ¶¶ 22, 23, 25, 28-33.  According

---

[1]    As explained in the Complaint, World Savings Bank, FSB eventually became part of Wells Fargo Bank, N.A. ("Wells Fargo") through a merger.  See Compl., at ¶¶ 9-10.

United States District Court
Northern District of California

1    to Plaintiff, the trustee's sale has been postponed further and was last scheduled for July 1, 2014.

2    Id. at ¶ 33.

3         In this action originally filed Santa Clara County Superior Court on June 26, 2014,

4    Plaintiff alleges that Wells Fargo, Cal-Western and the Bank of New York Mellon (collectively,

5    "Defendants") initiated wrongful foreclosure proceedings against the Milpitas property.  He

6    asserts five causes of action under California law: (1) wrongful foreclosure, (2) quiet title, (3)

7    violation of Business and Professions Code § 17200, (4) unjust enrichment, and (5) accounting.

8    Wells Fargo removed the case to this court on July 31, 2014, claiming diversity jurisdiction under

9    28 U.S.C. § 1332.

10        Presently before the court are two motions, a Motion to Remand filed by Plaintiff and a

11   Motion to Dismiss filed by Wells Fargo.  See Docket Item Nos. 7, 14.  The court previously found

12   these matters suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

13   After careful review of the parties' arguments, the court will grant the Motion to Remand and

14   deny the Motion to Dismiss without prejudice.

15   **II.    LEGAL STANDARD**

16        Removal jurisdiction is a creation of statute.  See Libhart v. Santa Monica Dairy Co., 592

17   F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely

18   from the statutory authorization of Congress.").  In general, only those state court actions that

19   could have been originally filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except

20   as otherwise expressly provided by Act of Congress, any civil action brought in a State court of

21   which the district courts of the United States have original jurisdiction, may be removed by the

22   defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court

23   actions that originally could have been filed in federal court may be removed to federal court by

24   defendant.").  Accordingly, the removal statute provides two basic ways in which a state court

25   action may be removed to federal court: (1) the case presents a federal question, or (2) the case is

26   between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. §§

27

28   Case No.: 5:14-cv-03469 EJD
     ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING WITHOUT
     PREJUDICE DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1441(a), (b).

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.   DISCUSSION

Plaintiff argues for remand because both he and Cal-Western are citizens of California. These facts are evident from the face of the Complaint and are undisputed by Wells Fargo in the Notice of Removal. Since California parties appear on both sides of the action, this case was not presumptively removable. See Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."); see also Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985) ("When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action was removed to federal court . . . and should generally be determined from the face of the complaint.").

Recognizing the apparent absence of federal jurisdiction, Wells Fargo contends the removal was nonetheless proper because Cal-Western was fraudulently joined. Under the "fraudulent joinder" doctrine, a defendant may remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). In such a case, the "fraudulently-joined" defendant is disregarded for jurisdictional purposes. Id.

Case No.: 5:14-cv-03469 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1    Proving that a party was joined solely to defeat diversity jurisdiction is not easy, however.

2    A fraudulent joinder "must be proven by clear and convincing evidence." Hamilton Materials,

3    Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  "[A]ll disputed questions of fact

4    and all ambiguities in the controlling state law are [to be] resolved in plaintiff's favor." Calero v.

5    Unisys Corp., 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003).  If after doing so, "there is a non-

6    fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse

7    defendants the court must remand." Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d

8    1116, 1118 (N.D. Cal. 2002).

9    Furthermore, "a defendant seeking removal based on an alleged fraudulent joinder must do

10    more than show that the complaint at the time of removal fails to state a claim against the non-

11    diverse defendant." Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1170 (E.D. Cal.

12    2011).  "Remand must be granted unless the defendant shows that the plaintiff  'would not be

13    afforded leave to amend his complaint to cure [the] purported deficiency.'" Id. (quoting Burris v.

14    AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 U.S. Dist. LEXIS 52437, at *4, 2006 WL

15    2038040 (N.D. Cal. Jul. 19, 2006)).

16    Here, Wells Fargo argues that Cal-Western is a "sham" defendant because all of the

17    actions it allegedly undertook as a with respect to the Milpitas property were privileged.  This is

18    generally true to the extent its conduct as a trustee arises from California's non-judicial foreclosure

19    statutes.  See Cal. Code Civ. Proc. 2924(b) ("[T]he trustee shall incur no liability for any good

20    faith error resulting from reliance on information provided in good faith by the beneficiary

21    regarding the nature and the amount of the default under the secured obligation, deed of trust, or

22    mortgage."); see also Kachlon v. Markowitz, 168 Cal. App. 4th 316, 333 (2008) ("[S]ection 2924

23    deems the statutorily required mailing, publication, and delivery of notices in nonjudicial

24    foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged

25    communications under the qualified common interest privilege of section 47, subdivision (c)(1).").

26    But the privilege attributable to foreclosure trustees is qualified and therefore not without

27

28
Case No.: 5:14-cv-03469 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING WITHOUT
PREJUDICE DEFENDANT'S MOTION TO DISMISS

1    exception.  Indeed, it protects only those "communications made 'without malice, to a person

2    interested therein, … by one who is also interested. . . .'"  Kachlon, 168 Cal. App. 4th at 336

3    (citing  Cal. Civ. Code § 47(c)(1)).  In this context, malice "is defined as actual malice, meaning

4    'that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that

5    the defendant lacked reasonable grounds for belief in the truth of the publication and therefore

6    acted in reckless disregard of the plaintiff's rights.'"  Id. (quoting Sanborn v. Chronicle Pub. Co.,

7    18 Cal. 3d 406, 413 (1976)).

8            Since the burden is shifted to the removing party on a motion to remand, Wells Fargo must

9    show by clear and convincing evidence that Plaintiff has not, and can never, assert any claim

10   against Cal-Western because all of its conduct was privileged.  It has not done so.  Here, Plaintiff

11   asserts two claims against Cal-Western and the factual allegations, when taken as whole, imply

12   that Cal-Western may have conspired with other defendants to improperly or fraudulently initiate

13   foreclosure proceedings against the Milpitas property.  See, e.g., Compl., at ¶ 46 ("Defendants

14   [Bank of New York Mellon] and Wells Fargo caused Cal-Western, their agent, to breach its duty

15   of care to Plaintiff by directing Cal-Western to initiate foreclosure proceedings against Plaintiff

16   based on the fraudulent and void foreclosure documents . . . ."); ¶ 60 ("[T]he named defendants,

17   and each of them, have engaged in and are engaging in deceptive business practices with respect

18   to mortgage servicing and the mailing of fraudulent foreclosure documents and related matters . . .

19   ."). With the potential for this foreclosure-based conspiracy to develop as a theory of the case,

20   there is "a non-fanciful possibility" that Plaintiff could allege Cal-Western acted with actual

21   malice or reckless disregard for his rights in order to overcome the qualified privilege.  Macey,

22   220 F. Supp. 2d at 1118.

23           It is true, as Wells Fargo points out, that most of the current allegations against Cal-

24   Western focus on activity common to that of a foreclosure trustee, such as the recording of

25   documents at the direction of the lender.  But standards that must be applied to resolve this motion

26   are difficult ones for the removing defendant.  One requires Wells Fargo to show to near certainty

27

28   Case No.: 5:14-cv-03469 EJD
     ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING WITHOUT
     PREJUDICE DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

5

that Cal-Western was fraudulently joined, while another requires the court to construe any jurisdictional ambiguity in Plaintiff's favor.  The potential for Plaintiff to state a viable claim against Cal-Western, although narrow, is enough to raise doubt regarding the propriety of the removal.  This case must therefore return to state court.  See Matheson, 319 F.3d at 1090.[2]

## IV.    ORDER

Based on the foregoing, Plaintiff's Motion to Remand (Docket Item No. 14) is GRANTED, and Wells Fargo's Motion to Dismiss (Docket Item No. 7) is DENIED WITHOUT PREJUDICE.

The Clerk shall remand this action to Santa Clara County Superior Court and close this file.

**IT IS SO ORDERED.**

Dated:  January 9, 2015

_____
EDWARD J. DAVILA
United States District Judge

---

[2]     Since Cal-Western did not file Declaration of Non-Monetary Status under California Civil Code § 2924l prior to removal, the effect of such a filing on Cal-Western's party status need not be discussed.  Moreover, the allegations in the Complaint are sufficient to preclude a finding that Cal-Western should be disregarded from the jurisdictional analysis as a nominal party.  See Kuntz, 385 F.3d at 1183 (9th Cir. 2004) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

6

Case No.: 5:14-cv-03469 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS